WILLIAM H. GRANT & another *vs*. EDWARD WEBB & others.

Sept. 5, 1874

**Order Refusing to Appoint a Receiver is an Appealable Order.**—An order refusing to appoint a receiver, in accordance with the report of a referee, is appealable as an order refusing a provisional remedy, notwithstanding such order was made without prejudice to a new motion for the appointment of a receiver with less authority.

**Such Order Affirmed.**—Consideration and approval of the action of the court below in refusing to appoint a receiver, in accordance with the report of a referee in this case.

Appeal by plaintiffs from an order of the district court for Washington county, *Crosby*, J., presiding, refusing to appoint a receiver.

*James N. Castle*, for appellants.

*E. C. Palmer*, for respondents.

BERRY, J. This case was referred below to the Hon. James Gilfillan, who was directed to try the same and report a judgment therein. Among other things, he reported "that a receiver be appointed of all the rights of said Webb and of the defendants, administrators of the estate of said Comstock, to recover any moneys that may be due under said

exhibit A (a certain contract), from   *   *  T. & J. Sutton and Torinus, Staples & Co., or from said Munch, with authority to collect the same, by suit or otherwise, and also of ''   *   *  certain '' 1,900,000 feet of logs, with authority to take possession of the same, and sell so many thereof as may be necessary to raise, in addition to costs and expenses of taking, keeping, and selling the same, and such reasonable compensation for his services as the court may allow, the sum of $4,275, being three-fourths of three dollars per thousand feet upon the whole of said 1,900,000 feet, together with interest from June 15, 1873, on said sum of $4,275, to the day of such sale ; such receiver to bring into court all moneys made by him, to be paid upon the debts specified in said exhibit B (a certain contract,) as the court may from time to time direct.''

Upon plaintiffs' application, the district court issued an order upon defendants to show cause why a receiver should not be appointed in accordance with the report of the referee, at the same time enjoining defendant Webb from disposing of the 1,900,000 feet of logs before mentioned, which were in Webb's possession, or of the proceeds or avails thereof, until the appointment of such receiver. Upon the hearing upon the order to show cause, affidavits were read on behalf of defendants, tending to show that a sale of the logs above mentioned by a receiver would be injudicious, attended with great expense, and prejudicial to the best interest of the parties concerned. In view of these facts, and upon offer made at the hearing by defendant Webb, the court, instead of appointing a receiver to take possession of the logs, and make sale of enough thereof to raise the sum of $4,275, as directed by the referee, permitted Webb to retain the logs, upon his applying the sum of $4,275 upon the debts specified in Exhibit B, all of such debts, with a single exception, being in Webb's control.

This application having been made, the court denied the motion, as made, for the appointment of a receiver, without prejudice to a renewal thereof for the appointment of a

receiver for other purposes than to take possession and dispose of said logs referred to in the report of the referee, and without prejudice to a motion for a new trial, etc., at the same time dissolving the injunction by which Webb was restrained from disposing of the logs, or of the proceeds or avails thereof, and restoring him to the possession and control thereof.

From the order by which these things were accomplished, the present appeal was taken by the plaintiffs.

Defendants contend that the order is not appealable; but we are of opinion that the order refusing to appoint the receiver in accordance with the referee's report, was, within the meaning of sub-div. 2, § 8, ch. 86, Gen. Stat., an order refusing a provisional remedy, notwithstanding it was without prejudice to a new motion for the appointment of a receiver with less authority. If this is so, the appeal was well taken.

The counsel for the plaintiffs has entered into an elaborate argument, and cited numerous authorities, for the purpose of showing error in the findings of the referee. With these alleged errors we have, however, nothing to do upon this appeal. They are to be reached, if at all, in another way.

The plaintiffs' motion for a receiver and injunction was based upon the referee's report as it is; and upon the merits of the present appeal, the only legitimate enquiry is whether the court below erred in refusing to grant the receiver, as prayed for, and in dissolving the injunction; and as to this, it seems to us that the only purpose for which the logs were to be sold by a receiver, namely, to raise $4,275, to be applied on the debts specified in Exhibit B, was fully accomplished by the voluntary action of Webb and other parties interested, and accomplished at a saving of expense, as well as of prejudice, to the parties interested. This being the case, the court was certainly justified in refusing to appoint a receiver to take possession of the logs and sell them. So far as can be seen on this appeal, the appointment of the re-

ceiver for such purpose, would, under the circumstances of the case, have been not only entirely unnecessary, but, as it occurs to us, a wanton annoyance and injury to defendants.

As to the injunction by which Webb was restrained from disposing of the logs or their proceeds, there could be no reason for maintaining it after the purpose for which he was enjoined from disposing of the same, to wit, in order that the sum of $4,275 might be realized out of them, was accomplished as above mentioned.

The order appealed from is affirmed.